**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **VRAIMONE PARKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE NO. 7:23-CV-141-HL-TQL** |
| **VS.** | : | |
| | : | |
| **VALDOSTA STATE PRISON,** | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| **Defendant** | : | |

_____

## <u>ORDER</u>

*Pro se* Plaintiff Vraimone Germaine Parker, a prisoner at the Georgia Diagnostic &
Classification State Prison in Jackson, Georgia filed a civil rights complaint under 42
U.S.C. § 1983.  ECF No. 1.  Plaintiff also sought leave to proceed *in forma pauperis*.  ECF
No. 2.  Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to
pay a partial initial filing fee.  ECF No. 5.  Plaintiff timely paid the partial initial filing fee.
On February 2, 2024, the United States Magistrate Judge conducted a preliminary review
of Plaintiff's complaint.  ECF No. 6.  Plaintiff was advised that his complaint did not
comply with Rule 8 of the Federal Rules of Civil Procedure in that his complaint was
chiefly comprised of medical records and did not set forth "a short and plain statement of
the claim showing that the pleader is entitled to relief."  *Id*. at 2.  More importantly, he was
also advised that he had named a Defendant that was not subject to suit under § 1983 and
that his claims may be barred by the statute of limitations.  *Id*. at 3-4.  The Magistrate Judge
offered Plaintiff an opportunity to recast his complaint so that it stated a claim and

presented Plaintiff with a roadmap on how he may do so. *Id*. at 4-7. Plaintiff was given fourteen days to submit his amended complaint. *Id*. at 7. On February 21, 2024, Plaintiff filed a response to the order to recast his complaint. ECF No. 8. In his response, Plaintiff states that he "will not comply with the … court order commanding [him] to file an amended complaint" because he "holds the opinion that the original complaint… is sufficient, states a valid claim, and shows proof of that claim in the attached hospital medical records". *Id*.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative

level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. §

3

1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

II.     Factual allegations

Plaintiff submitted the Court's standard form for §1983 complaints to initiate this civil action but left the form predominantly blank by not answering most of the questions presented on the form. ECF No. 1. Where he does choose to put forth information, Plaintiff states that he is "filing a complaint under 42 U.S.C. 1983 for a claim of personal injury negligence, as well as pain and suffering" about an "incident that occurred at the Valdosta State Prison… on the date of February 8, 2019". *Id*. at 10. Plaintiff complains "Valdosta State Prison has failed in its duty to protect both [his] safety and health" and that "he suffered pain of an excruciating measure". *Id*. Plaintiff states that his "seeking as relief for the claims of personal injury, negligence, as well as pain and suffering for the amount of … one million dollars". *Id*. Plaintiff then directs the Court to review his attached hospital record to review his injuries. *Id*.; ECF No. 1-1.

III.     Plaintiff's claims

**A. Dismissal Warranted for Failure to State a Claim**

As Plaintiff was previously advised in this Court's order to recast his complaint (ECF No. 6), Plaintiff's claim for damages do not survive frivolity review under 28 U.S.C. § 1915. Of particular importance, the Magistrate Judge cautioned the Plaintiff that his complaint may be barred by the statute of limitations and instructed Plaintiff to recast his complaint to remedy this defect with his complaint. ECF No. 6 at 3-4. However, Plaintiff

has declared to this Court that he disagrees with the Magistrate's Judge's conclusion and that he refuses to amend his complaint.  ECF No. 8.

The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Georgia's two-year statute of limitations applies.  *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003). The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).  Here, Plaintiff states that his claim against Defendant Valdosta State Prison arises from an "incident that occurred…. on the date of February 8, 2019".  ECF No. 1 at 10.  Plaintiff dated his complaint as signed on December 4, 2023, and it was docketed on December 13, 2023.  *Id*. at 10 and 12.  Thus, Plaintiff knew in February of 2019 of every act which he now asserts violated his constitutional rights.  *See id*.  Plaintiff has failed to allege any event that would have tolled the running of the statute of limitations nor is there any such event apparent in this civil action.  *See id*.  Thus, the deadline for Plaintiff to file his claim regarding the unspecified February 8, 2019 "incident" would have been February 8, 2021.  Yet, he did not initiate this suit until December 2023.  *Id*.  Therefore, Plaintiff's claims are barred by the two-year statute of limitations and subject to dismissal as frivolous under §1915.  *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915); *Salas v. Pierce*, 297 F. App'x 874,

877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred); *Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199 (2007)) ("Where, as here, an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, [§ 1915A] continues to require a district court to dismiss the complaint."); *Joseph v. State Mut. Life Ins. Co. of Am.*, 196 F. App'x 760, 761 (11th Cir. 2006) (affirming dismissal upon screening because, "[i]n the absence of an applicable toll," plaintiff's claim was time barred); *Lucas v. Ottinger*, No. 22-13801-A, 2023 WL 3295839, at *1 (11th Cir. Mar. 31, 2023) (finding Plaintiff's appeal to be frivolous and affirming the dismissal of Plaintiff's § 1983 complaint under §1915 by the district court as frivolous where "[t]he face of his 2022 complaint indicates that his claim was barred by the statute of limitations" and "the record reveals no basis for tolling the limitations period"); *Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Even if Plaintiff's claims were not time barred, his complaint would still be subject to dismissal because, as again previously advised by the Magistrate Judge, the only named Defendant, Valdosta State Prison, is not person nor a legal entity subject to liability under § 1983. Fed. R. Civ. P. 17(b) provides that the "[c]apacity to sue or be sued" is determined "by the law of the state where the court is located." Therefore, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-

6

artificial person as the law recognizes as being capable to sue'." *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318 (Ga. 1988) (quoting *Cravey v. Southeastern Underwriters Assn.*, 214 Ga. 450, 453 (1958)).  Valdosta State Prison is none of these.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").  Therefore, the Plaintiff's complaint is also subject to dismissal for naming an improper Defendant.

Lastly, even if Plaintiff had named a proper Defendant and his claims were not time barred, then his complaint would still be subject to dismissal.  First Plaintiff states that he is raising claims "under 42 U.S.C. 1983 for a claim of personal injury negligence".  However, there is no constitutional claim under § 1983 for negligence.  *See e.g. Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir.2003) (holding that a negligent act by a state official does not give rise to § 1983 liability); *Hernandez v. Florida Dept. of Corrections*, 281 Fed. Appx. 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983.").  Thus, Plaintiff's claim of "negligence" fails to state a claim for which relief may be granted.

Lastly, Plaintiff fails to give any factual allegations as to what the "incident" was that occurred on February 8, 2019, nor how any state actor violated his civil rights and has

opted instead to direct the Court to review his medical records.  ECF No. 1; ECF No. 8.

Plaintiff's directive for this Court to review his medical records to find a constitutional

claim as well as his minimal, broad, and conclusory allegations are insufficient to state a

claim under § 1983.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice."); *Zatler v.*

*Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380

(11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal

connection between the actions taken by a particular person 'under color of state law' and

the constitutional deprivation");  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir.

1984) (vague and conclusory allegations are subject to dismissal); *Douglas v. Yates***,** 535

F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33,

36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must

demand that the complaint state with some minimal particularity how overt acts of the

defendant caused a legal wrong.").  Thus, even if Plaintiff had not framed his claim as one

of negligence, he has not alleged facts sufficient to connect a state actor with an alleged

constitutional violation.

For all the reasons set forth, Plaintiff's complaint fails to state a claim for which

relief may be granted and is **DISMISSED without prejudice** pursuant to § 1915A.

**B.  *Dismissal Warranted for Failure to Comply with an Order of the Court***

"Filing a lawsuit is a serious matter, which often times results in significant

consequences to the parties. And judicial resources are far too scarce to be exploited by

8

litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal … continue in their recalcitrance". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990–91 (11th Cir. 2015). Accordingly, a district court "possesses the inherent power to police its docket," including the imposition of "formal sanctions upon dilatory litigants." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Such sanctions "can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. Furthermore, "a plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status". *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980).[1] Therefore, where a litigant has been reproached, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion". *Nurse*, 618 F. App'x at 990 (citing *Moon,* 863 F.2d at 837) (involving a *pro se* litigant who "stubbornly violated the Federal Rules and court orders").

In this instance, Plaintiff was warned of the deficiencies in his pleadings, was given a chance to amend his complaint with the Court's guidance on how to do so, and was warned of the consequences of failing to comply with the Court's orders. *See* ECF No. 6. Plaintiff has now responded to an order of the Court stating defiantly that he "will not comply with the … court order commanding him to file an amended complaint". ECF No. 8. And indeed, true to his word, Plaintiff has not filed an amended complaint. This Court

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

is well within its authority to now dismiss Plaintiff's complaint for his utter refusal to comply with an order of the court. *See* Fed. R. Civ. P. 41(b); *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) *(*citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("[A] district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Accordingly, Plaintiff's complaint is also **DISMISSED without prejudice** for his outright refusal to comply with an order of the Court.

IV.    Conclusion

Based on the foregoing, this action is **DISMISSED without prejudice** for failure to obey an order of the Court and pursuant to § 1915A for failure to state a claim for which relief may be granted.

**SO ORDERED** this 23rd day of February, 2024.

*s/ Hugh Lawson*
Hugh Lawson, Senior Judge
United States District Court